UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| William Froemming,<br>    Plaintiff-Appellant,<br><br>v.<br><br>City of West Allis,<br>Patrick Mitchell,<br>Wayne Treep,<br>Lete Carlson, and<br>Ryan Stuettgen,<br>    Defendants-Appellees. | Court of Appeals Docket<br>No. 23-2380<br><br>Appeal From The United States District Court<br>For The Eastern District of Wisconsin<br>Case No. 19-CV-996<br>The Honorable Judge J.P. Stadtmueller |

### CITY OF WEST ALLIS', AND ALL OTHER APPELLEES', MOTION FOR DISMISSAL OF APPEAL

Now comes, the above listed Defendants-Appellees, hereinafter referred to collectively as "City of West Allis", by their counsel Attorney Rebecca Monti, to move this Court, pursuant to FRAP 2 and 27, for an order dismissing the appeal filed by Plaintiff-Appellant, William Froemming ("Froemming") for his failure to follow the Federal Rules of Appellate Procedure ("FRAP") and his pursuit of a frivolous appeal.

### BACKGROUND

Froemming filed the case herein alleging that civil rights violations occurred when he was arrest by a number of City of West Allis police officers, including the three named above, on Thursday, July 14, 2016 at around 3:00 a.m. App[1]. #1-1 at 15-17. Froemming was cited for various municipal offenses related to his

---

[1] Throughout this motion the citation App. will refer to Appellate Docket entry numbers and Dist. Will refer to District Court Docket entry numbers.

arrest. *Id.* Froemming contested those municipal citations in West Allis Municipal Court, but he was found guilty on all counts. *Id.* He then appealed two of those four findings to the Milwaukee County Circuit Court. *Id.* A hearing regarding his refusal to submit to chemical alcohol testing was held in circuit court reaching the same conclusion of guilt, after which the City of West Allis voluntarily dismissed the second challenged citation for operating while intoxicated. *Id.* Froemming appealed both of these outcomes, but the Wisconsin Court of Appeals refused to hear them. Dist. #22 at 5.

Following nearly three years of local level litigation, Froemming challenged his 2016 arrest and the subsequent prosecution by filing the underlying federal complaint on July 12, 2019 in The United States District Court for the Eastern District of Wisconsin. Dist. #1, #22 at 5-6. After the case lingered for nearly a year, the City of West Allis filed a summary judgment motion in June 2021. Dist. #17. The district court eventually partially granted summary judgment and dismissed numerous claims leaving Froemming to prosecute his: (1) allegations of excessive force during arrest and (2) assertions that during the prosecution of the municipal citations the City of West Allis maintained certain polices of [a] destroying or tampering with evidence and [b] providing false testimony. Dist. #22 at 26-29.

As an October 2022 jury trial date approached, the district court ordered the parties to meet and confer in person to prepare a pre-trial report. Dis. #30. Following this meeting in August 2022, Froemming filed a motion to compel discovery on August 22nd. Dist. #35. Subsequently in September 2022 he filed

a motion to disqualify defense counsel and for sua sponte recusal of the district court judge. Dist. #45. When the district court denied these motions (Dist. #49), in October 2022 Froemming moved for certification for interlocutory appeal of these motions (Dist. #52). After adjourning the October trial, the district court also denied Froemming's interlocutory appeal request. Dist. #55.

In September 2022, the district court noted that this series of filings by Froemming had several instances of failing "to provide any sufficient legal or factual basis to support the request[s]." Dist. #49 at 4-6, Sections 2.2, 2.3, and 2.4. In October 2022, the district court noted Froemming, yet again, "cited no legal authority or basis upon which the Court can, or should…" act. Dist. #55 at 10.

Froemming's case finally proceeded to jury trial in February 2023. Dist. #62, #63. Despite the City of West Allis' objections, Froemming was allowed to present evidence and argument regarding all three of his remaining allegations at trial. Dist. #62 at 57:17-24. At the conclusion of Froemming's evidence and on the City of West Allis' motion, the district court found that there was no credible evidence of the alleged polices of evidence tampering or testifying falsely; thus, the jury would deliberate only on the excessive force claim. *Id.* at 23:20-237:4.

On the second day of trial Froemming appeared in court bloody and talking about an "attack" the night prior. Dkt. #63 at 241:19-24. When the district court would not postpone trial or declare a mistrial, Froemming left the courtroom. *Id.* at 245:11-16, 246:23-25, 251:14-20. Ultimately, the jury deliberated for less than an hour before returning a verdict finding that the named City of West Allis

officers did not use any excessive force in Froemming's July 2016 arrest. Dist. #63 at 289:20-291:17.

The day after the jury reached its verdict, Froemming filed a written request for mistrial which lacked any citation to legal authority. Dist. #59. On June 14, 2023, the district court denied his motion for mistrial and found his claims of "attack" to be fabricated. Dist. #73. At the same time, the district court also ordered Froemming to post bond before seeking appellate review because of his "abuse of the judicial forum...[and] misconduct" on the second day of trial regarding his false allegations of "attack". *Id.* at 40.

Without posting any bond in the district court, Froemming filed a notice of appeal on July 13, 2023. Dist. #79. Given Froemming's failure to post bond, the district court forwarded to this Court its bond enforcement order as issued on August 14, 2023. App. Dkt. #8. Despite failing to comply with the district court's bond order, Froemming filed his appellate brief in this Court on August 22, 2023. App. Dkt. #6, #7.

## ARGUMENT

Rule 2 of the Federal Rules of Appellate Procedure states that "on its own or a party's motion, a court of appeals may… [for] good cause--suspend any provision of these rules in a particular case and order proceedings as it directs…" This ability to suspend the rules of appellate procedure allows this Court to summarily dispose of an appeal. *N. L. R. B. v. Playskool, Inc.,* 431 F.2d 518, 519 (7th Cir. 1970). Summary disposition is a particularly useful and common procedure when it is clear that "a call for briefs would be nothing but an

invitation for the parties to waste their money and the court's time." *Mather v. Vill. of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989). This Court has found good cause for summary disposition when the rules of appellate procedure are violated. *Jaworski v. Master Hand Contractors, Inc.,* 882 F.3d 686, 690 (7th Cir. 2018). It has also been held that good cause exists where "the appellant's position is clearly frivolous." *Semmerling v. Bormann*, 970 F.3d 886, 888 (7th Cir. 2020).

Froemming has both flouted the rules of appellate procedure and made numerous arguments which are clearly frivolous in his brief; therefore, this Court is well within its right to use FRAP 2 to summarily dismiss this appeal and dispense with any further briefing of this matter as that would be a complete waste of time.

I. Froemming's Violations Of Appellate Rule 28 Warrant Dismissal

The purpose of an appeal is to evaluate the results and reasoning of the district court. *Jaworski*, 882 F.3d at 690. Accordingly, the appellate brief should be a valuable aid to the review process and this Court insists on compliance with the appellate rules designed to reach that end. *Id.* FRAP 28 outlines several such requirements. Specifically, appellants must make arguments for disrupting the district court's decisions based on "citations to the authorities and parts of the record on which the appellant relies." FRAP 28(8)(A). This requires something more than a generalized assertion of error and briefs must contain citations to valid, relevant supporting authority. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Merely raising issues in a brief is not enough if they are not

presented in a professional fashion. *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990).

Although pro se litigants are often held to less exacting standards and their filings are generally construed liberally, this Court has said they are not exempt from presenting a cogent argument or following FRAP 28. *Anderson*, 241 F.3d at 545. The appellate court will not craft arguments and perform research to correct deficiencies, even for pro se litigants. *Id.* Failure to comply with Rule 28 requirements can result in dismissal. *Id.; See also McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir. 1984).

Froemming's 49-page brief (App. #7) contains a table of "authorities" with reference to case citations, federal statutes, and an ABA ethics rule. *See* App. #10-3. None of these "authorities" serve to aid this Court in the review of this matter and none of them are supportive of Froemming's arguments. First of all, only three of Froemming's fifteen listed cases even exist within the federal reporter. App. #10-2 at ¶4.b. However, those three cases decide topics entirely unrelated[2] to Froemming's arguments. *Id.* Further, the quotes in his brief do not exist anywhere within those cases. *Id.* Froemming also cites to several federal, criminal[3] statutes and one comment to the ABA rules; however, he provides no

---

[2] *Holmes v. South Carolina*, 547 U.S. 319 (2006) discusses admission of evidence of third-party guilt at criminal trials. *US v. Hasting*, 461 US 499 (1983) dealt with the harmless error standard and corrective jury instructions regarding statements of counsel. App. #7 at 33. Lastly, *Wallace v. Jaffree*, 472 US 38 (1985) finds an Alabama statue in violation of the First Amendment. None of these cases, even in dicta, address Froemming's arguments regarding judicial bias, impartiality, or interference as he states in App. #7 at 33, 34, and 38.

[3] He incorrectly cites two of these statutes as 28 USC, when they likely should be 18 USC. App. #10-2 at ¶4.c.

citations as to how this court derives legal authority to overturn the district court's orders based on those legal provisions.

Infinitely worse than a perfunctory or sloppy attempt at legal research, and even more abhorrent than Froemming's usual lack of any legal citations whatsoever[4], Froemming appears to have flat out fabricated supporting authority for his propositions in his brief. Striking the fabricated and irrelevant legal citations, Froemming's brief would have no legal citations whatsoever, contrary to the requirements of FRAP 28. Much like the appellants in *McCottrell* and *Anderson*, Froemming's brief presents no identifiable arguments or basis for disturbing the district court's judgment. This Court cannot possibly allow Froemming to proceed on appeal in the absence of any legal authority to overturn the district court, especially given the attempt to fabricate supporting authority. The only appropriate action is to dismiss this appeal outright.

II. Froemming's Appeal Is Frivolous Meriting Dismissal And Rule 38 Sanctions

"Federal courts possess the inherent power and constitutional obligation to prevent abuse of the judicial process by a litigant who engages in a pattern of frivolous litigation." *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). This obligation includes summary disposition of an appeal when it is frivolous. *Id.* Circuit courts across the country have summarily disposed of appeals numerous times when the appeal is clearly hopeless, without any basis in law, and lacking any merit. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (*citing* eight instances of summary disposition including *N. L. R. B.,* 431 F.2d 518); *See*

---

[4] *See* Dist. #49 at 4-6, Sections 2.2, 2.3, and 2.4; *See also* Dist. #55 at 10.

*also Bacon v. Am. Fed'n of State, Cnty., & Mun. Emps. Council,* No. 13, 795 F.2d 33, 35 (7th Cir. 1986). An appeal that is incomprehensible and relies on insubstantial arguments is frivolous. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 791 (7th Cir. 2019). Insubstantial arguments are those guaranteed to lose. *Id.*

If an appeal is frivolous this Court next considers whether sanctions are warranted under FRAP 38 if there is some indication of bad faith. *Perry*, 16 F.3d at 140. Such bad faith can be shown where an appellant merely restates arguments properly rejected by the district court with no reasonable support for overturning the district court's rejection. *Id.* Even a pro se litigant is not permitted to persist in an obviously hopeless case where there is no basis for challenging the district court's decision. *Bacon*, 795 F.2d at 35. It is sanctionable to prosecute an appeal "with no reasonable expectation of altering the district court's judgment … out of sheer obstinacy." *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 636–37 (7th Cir. 2020). It is a waste of judicial resources when such an appeal is prosecuted with "a lack of concern for legal doctrine or the obtuseness so common in spite matches." *Mortell v. Mortell Co.*, 887 F.2d 1322, 1328 (7th Cir. 1989).

Froemming's appeal herein is clearly hopeless given his complete failure to provide any authority to support disrupting the district court's rejection of all of the same arguments he has made herein. *See* Cir. Dkt. #49, #55, #73. Just like the litigant in *Bacon*, 795 F.2d at 35, Froemming's brief is not "merely inartful and does not merely reflect a lack of firm grasp over the relevant principles of

law"; instead, Froemming goes further than *Bacon* and he actually <u>fabricates</u> case law to support his arguments. This frivolous appeal must be summarily disposed of in order to fulfill this Court's "constitutional obligation to prevent abuse of the judicial process". *Perry*, 16 F.3d at 140. It is clear that Froemming has no concern for legal doctrine and engaged in this appeal out of sheer obstinacy like the appellant in *Mortell*. This Court would be remiss to permit this appeal to stand. Further, it is clear that Froemming must be sanctioned for this conduct under FRAP 38, particularly given his history of disregard for legal authority throughout the prosecution of this case in district court. *See* Dist. #49 at 4-6, Sections 2.2, 2.3, and 2.4; *See also* Dist. #55 at 10.

III. In The Alternative, Summary Affirmation Is Appropriate Here

In the event this Court does not agree dismissal is appropriate, "Summary affirmance is among the constellation of available remedies" for the conduct seen in the appeal herein. *Jaworski*, 882 F.3d at 690. Froemming's failure to follow the rules of appellate procedure, his insistence on pursuing a frivolous appeal, and certainly his fabrication of legal authority are a waste of this Court's time and resources that should do nothing to convince this Court that the district court erred in any manner whatsoever. Accordingly, this Court is well within its authority under FRAP 2 to summarily affirm the district court's findings in this case.

## CONCLUSION

As outlined above, Froemming clearly could find nothing to support his contentions that there was error at the district court level; thus, he has pursued

this frivolous appeal and completely disregarded the rules of appellate procedure. In the absence of any legal authority by Froemming this Court should not need to waste time crafting appellant's arguments for him, nor should the City of West Allis be required to provide legal research for him in briefing the "issues" raised by Froemming. This appeal is entirely frivolous and merits summary disposition, be it dismissal or affirmance. Either way, the bad faith and obstinate behavior of Froemming should not be allowed to persist any further and he must be sanctioned under FRAP 38 for his continued abuse of the judicial process in filing this appeal.

Dated at West Allis, Wisconsin, this 19th day of October 2023.

                                              CITY OF WEST ALLIS, et all
                                              BY THEIR ATTORNEY

                                              */s/ Rebecca Monti*
                                              Rebecca Monti,
                                              Principal Assistant City Attorney
                                              State Bar No. 1065869

P.O. Address
7525 West Greenfield Avenue
West Allis, Wisconsin 53214
(414) 302-8450
rmonti@westalliswi.gov