No. 23-2380

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

William Froemming,
Plaintiff-Appellant,

v.

City of West Allis,
Patrick Mitchell,
Wayne Treep,
Lete Carlson, and
Ryan Stuettgen,
Defendants-Appellees.

Appeal From The United States District Court
For The Eastern District of Wisconsin
Case No. 19-CV-996
The Honorable Judge J.P. Stadtmueller

BRIEF OF THE
DEFENDANTS-APPELLEES

CITY OF WEST ALLIS,
CITY ATTORNEY'S OFFICE
Rebecca Monti,
Assistant City Attorney
Attorney for Defendants-Appellees
7525 West Greenfield Avenue
West Allis, Wisconsin 53214
(414) 302-8450
rmonti@westalliswi.gov

i

# DISCOLSURE STATEMENT

Appellate Court No: 23-2380

Short Caption: *William Froemming v. City of West Allis, et al.*

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

   [ ] PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

   City of West Allis, Patrick Mitchell, Wayne Treep, Lete Carlson, Ryan Stuettgen

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   N/A – counsel works for the municipal, government entity of City of West Allis

(3)   If the party, amicus or intervenor is a corporation:

   i)   Identify all its parent corporations, if any; and

   N/A

   ii)   List any publicly held company that owns 10% or more of the party's, or amicus', or intervenor's stock:

iii

<u>N/A</u>

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

<u>N/A</u>

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

<u>N/A</u>

Attorney's Signature: <u>s/electronically signed by Rebecca Monti</u>  Date: <u>October 23, 2023</u>

Attorney's Printed Name:  <u>Rebecca Monti</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes <u> X </u>  No <u>____</u>

Address: <u>7525 W. Greenfield Ave. West Allis, WI 53214</u>

Phone Number: <u>(414) 302-8450</u>     Fax Number: <u>(414)302-8444</u>

E-Mail Address: <u>rmonti@westalliswi.gov</u>

# TABLE OF CONTENTS

DISCOLSURE STATEMENT.................................................................................iii

TABLE OF AUTHORITIES..................................................................................v

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES ...........................................................................3

STATEMENT OF THE CASE ..............................................................................4

    I.   Factual History of Arrest ...........................................................................4

    II.  Pre-Trial District Court Procedural History...............................................5

    III. Jury Trial Procedural and Factual History.................................................8

    IV. Post Trial Procedural History ..................................................................11

SUMMARY OF ARGUMENT ............................................................................12

ARGUMENT......................................................................................................15

    I.   This Court Should Affirm The District Court's Discovery Rulings As There Was No Abuse Of Discretion ................................................................................15

    II.  The Trial Judge Was Not Obligated To Recuse Himself For Bias As No Extra-Judicial Bias Or Prejudice Was Shown...........................................................17

    III. The District Court's FRCP 50 Decision Survives De Novo Review As No Reasonable Jury Could Have Issued A Verdict In Froemming's Favor On His *Monell* Claims ...............................................................................................19

    IV. Froemming Is Not Entitled To A Mistrial....................................................21

        A.   The Single Evidentiary Decision Ending Froemming's Questioning Regarding Chief Mitchell's Letter Did Not Substantially Affect Froemming's Right To A Fair Trial Requiring A Mistrial .........................................21

        B.   Froemming's Self-Created "Medical Emergency" Did Not Require Mistrial ........................................................................................................22

        C.   Froemming Has Shown No Attorney Misconduct Warranting Mistrial.....24

    V.  This Appeal Is Frivolous Meriting Summary Disposition And Sanctions.............24

CERTIFICATE OF COMPLAINCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g), and CR 32(c)....................................................................................................................26

PROOF OF SERVICE.........................................................................................27

# TABLE OF AUTHORITIES

## Cases

*Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734 (Fed. Cir. 1987)......................................12, 14

*Anderson v. Hardman*, 241 F.3d 544 (7th Cir. 2001). ...........................................................13

*Bacon v. Am. Fed'n of State, Cnty., & Mun. Emps.*, 795 F.2d 33 (7th Cir. 1986). ............13

*Brown-Bey v. United States*, 720 F.2d 467 (7th Cir. 1983).................................................15, 16

*Cook v. City of Chicago*, 192 F.3d 693 (7th Cir. 1999)............................................................14

*Galloway v. United States*, 319 U.S. 372 (1943)......................................................................19

*H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627 (7th Cir. 2020) ....................................13

*Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550 (7th Cir. 2018).................................15

*Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647 (2021) ........................12, 14, 19, 20, 21

*Indianapolis Colts v. Mayor&City Council of Baltimore, 775 F.2d 177* (7th Cir. 1985)...15

*Jimkoski v. State Farm Mut. Auto. Ins. Co.*, 247 F. App'x 654 (6th Cir. 2007). .................24

*John v. Barron*, 897 F.2d 1387 (7th Cir. 1990) ......................................................................13

*Liteky v. United States*, 510 U.S. 540 (1994) ....................................................................17, 18

*Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).......................................................12, 20

*Prestwick Cap. Mgmt. v. Peregrine Fin. Grp.*, 727 F.3d 646 (7th Cir. 2013)................15, 16

*Semmerling v. Bormann*, 970 F.3d 886 (7th Cir. 2020) ..........................................................13

*Stegall v. Saul*, 943 F.3d 1124 (7th Cir. 2019) ..................................................................21, 22

*Testa v. Vill. of Mundelein, Ill.*, 89 F.3d 443 (7th Cir. 1996).............................................12, 14

*United States v. Barr*, 960 F.3d 906 (7th Cir. 2020) ..........................................................17, 18

*United States v. Baskes*, 687 F.2d 165 (7th Cir. 1981) ........................................................12, 14

*United States v. Collins*, 604 F.3d 481 (7th Cir. 2010). .........................................................23

*United States v. Danford*, 435 F.3d 682 (7th Cir. 2006)..........................................................21

*United States v. Dorsey*, 829 F.3d 831 (7th Cir. 2016) ...........................................................17

*United States v. Taylor*, 569 F.3d 742 (7th Cir. 2009). ...........................................................22

*Whiting v. Westray*, 294 F.3d 943 (7th Cir. 2002)....................................................................24

## Statutes

28 U.S.C. §1291..........................................................................................................................2

28 U.S.C. §455 .........................................................................................................................17

42 U.S.C. §1983 ..................................................................................................................1, 20

## Federal Procedural Rules

Fed. R. App. P. 2 .....................................................................................................................13

Fed. R. App. P. 28(b)............................................................................................................1, 4

Fed. R. App. P. 32 ...................................................................................................................26

Fed. R. App. P. 38 ..............................................................................................................13, 25

Fed. R. Civ. P. 11 .....................................................................................................................11

Fed. R. Civ. P. 50 ...........................................................................................................12, 14, 19

Fed. R. Civ. P. 61 .....................................................................................................................21

Seventh Circuit Rule 28(b) ......................................................................................................1

## JURISDICTIONAL STATEMENT

The Plaintiff-Appellant, William Froemming, provides a Jurisdictional statement that is not complete or correct. App.[1] #7 at 6-7. Pursuant to Fed. R. App. P. 28(b) and Circuit Rule 28(b), a complete and correct jurisdictional summary follows herein.

On July 12, 2019, Froemming filed a 37-page, 170-paragraph complaint in The United States District Court for the Eastern District of Wisconsin. Dist. #1. Froemming's complaint alleged that the named Defendants-Appellees (collectively "the City of West Allis") violated various constitutional rights contrary to 42 U.S.C. §1983 during his July 14, 2016, arrest and subsequent prosecution for municipal offenses. *Id.* The matter was assigned to district court judge J.P. Stadtmueller ("Judge Stadtmueller") who later determined that Froemming's lengthy complaint identified seven possible causes of action, but only three of those causes survived the City of West Allis' summary judgment motion. Dist. #22 at 6, 26-29.

Froemming's case proceeded to jury trial in February 2023 on the remaining three causes of action under 42 USC §1983. Dist. #62, #63. After the conclusion of Froemming's case, Judge Stadtmueller found that there was no credible evidence of either of the two alleged *Monell* liability claims; thus, the jury would deliberate only on the single Fourth Amendment excessive force claim. *Id.* Dist. #62 at 23:20-237:4. On February 14, 2023, the jury returned a verdict finding

---

[1] Throughout this brief the citation App. will refer to Appellate Docket entry numbers and Dist. Will refer to District Court Docket entry numbers.

that no excessive force was used in Froemming's July 2016 arrest. Dist. #63 at 289:20-291:17. Judge Stadtmueller memorialized this jury verdict in the judgment and order issued on June 14, 2023. Dist. #74 and #73.

Thereafter Froemming filed a timely Notice of Appeal on July 13, 2023. Dist. #79; App. #1-1 at 58-59. The United States Court of Appeals for the Seventh Circuit has jurisdiction over this appeal under 28 U.S.C. §1291.

## STATEMENT OF THE ISSUES

1. Was there any abuse of discretion when Judge Stadtmueller denied Froemming's motion to compel discovery?

   No.

2. Does Judge Stadtmueller's decision to remove Froemming's two *Monell* policy and practices causes of action from jury review survive this Court's *de novo* review?

   Yes.

3. Has Froemming established that Judge Stadtmueller committed plain error in refusing to recuse himself *sua sponte* from this case?

   No.

4. Did Judge Stadtmueller abuse his discretion in denying Froemming's motion for mistrial?

   No.

5. Are summary disposition and imposition of Rule 38 sanctions appropriate considering Froemming has failed to cite any legal authority and pursued an entirely frivolous appeal?

   Yes.

## STATEMENT OF THE CASE

Froemming's statement of the case repeatedly "misrepresented the facts and injected argument into his discussions...[2]" *See* App. #7 at 11-25. Pursuant to Fed. R. App. P. 28(b), appellees' statement of the case can be found below.

### I.    Factual History of Arrest

Froemming, a resident of Hawaii, was visiting his mother, a resident of West Allis, in July 2016. Dist. #22 at 2 (*citing* Dist. #20-1). He was found asleep in the driver seat of a vehicle parked on the side of road in West Allis around 3:00am on Thursday, July 14, 2016, by West Allis Police Officer, Lete Carlson. *Id.* Officer Carlson pulled up behind Froemming, approached his rental car, and knocked on the window multiple times. *Id.* When Froemming awoke she asked him to roll the window down, he lowered it two inches and no further. *Id.* During their discussion he did not know where he was, how long he had been parked, or where he had come from before stopping on the roadside. *Id.*

Froemming argued whether he could be stopped and refused to identify himself. *Id.* at 3-4. Officer Carlson explained that she stopped him because he was slumped over, did not know where he was or where he came from, would not identify himself, and she could smell alcohol. *Id.* at 4. Supervising officer, Sergeant Wayne Treep, was called to the scene and similarly explained that officers were involved because Froemming was passed out and had glassy and bloodshot eyes. *Id.*

---

[2] *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990).

Froemming refused to exit the vehicle despite multiple requests. *Id.* Officers eventually broke out the passenger window to unlock the car doors, but he still would not exit. *Id.* Multiple officers then had to physically remove him from the vehicle. *Id.* He was quickly handcuffed, searched, and brought to his feet. *Id.* at 5. Officers found marijuana and a pipe during their search. *Id.*

Froemming was issued multiple municipal citations following his arrest: (1) operating while intoxicated (OWI), (2) resisting an officer, (3) possession of drug paraphernalia, and (4) possession of THC. *Id.* He was convicted on all counts in municipal court in 2017, as well as a finding of improper refusal to comply with alcohol testing. *Id.; see also* Dist. 20-1 at ¶54. Froemming appealed only the OWI citation and improper refusal finding to the Milwaukee County Circuit Court. Dist. #20-1 at ¶57-60. The circuit court reached the same finding regarding an improper refusal to comply with alcohol testing and the OWI citation was ultimately dismissed by the West Allis municipal prosecutor. Dist. #22 at 5. Froemming's subsequent appeals to the Wisconsin Court of Appeals were denied hearing, ending his quest for relief in state court. *Id.*

II.     Pre-Trial District Court Procedural History

Froemming initiated this action by complaint in July 2019, serving the City of West Allis by mail on August 29, 2019. Dist. #1 and #36-1. Defense counsel filed notices of appearance and an answer in September and October of 2019, respectively. Dist. #3, #4, and #9. On September 24 the district court sent notice of an initial hearing for Wednesday October 16, 2019. Dist. #6 and #50. This September order asked the parties to file a joint Rule 26f plan by October 10,

2019, but Froemming never responded to counsel's request to complete a Rule 26f plan and did not contact defense counsel until October 16, 2019. See Dist. #6, #7, and #36-2.

After the October 16, 2019, hearing, Froemming initiated discovery by scheduling two days of depositions which were held on January 27-28, 2020[3]. Dist. #17-2. In March 2020, Froemming emailed defense counsel written interrogatories, just prior to the district court's interim report due date of Friday, March 27, 2020. See Dist. #8, #35-2, and #6-3. The City of West Allis replied in April 2020 and received no subsequent written discovery demands until an email from Froemming on August 11, *2022*. Dist. #35-4 and #36-4.

The City of West Allis filed a Summary Judgment motion on June 5, 2020. Dist. #17. After written litigation of the motion (Dist. #18-#21), the district court, Judge Stadtmueller, issued an order on February 5, 2021, which partially granted and partially denied Defendants' motion. Dist. #22. Judge Stadtmueller identified three of Froemming's causes of action that would proceed to trial. *Id.* Those causes being: (1) allegations of excessive force during arrest, and (2) & (3) assertions that during the prosecution of the municipal citations the City of West Allis maintained certain polices of [a] destroying or tampering with evidence and [b] providing false testimony. Dist. #22 at 26-29.

From 2019 through 2022, Judge Stadtmueller issued, vacated, and revised a number of trial scheduling orders. *Id.* at 1; *See* Dist. #8, #24, #30, and #56. In

---

[3] Not January 2023 as stated by Froemming in App. #7 at 12.

early June 2022, the City of West Allis contacted Froemming to schedule in person meetings to discuss pre-trial preparation per the district court's May 2022 scheduling order (Dist. #30). Dist. #36-6. Froemming did not respond to counsel but motioned the district court to be excused from the ordered in-person meetings. Dist. #32, #36-6 and #36-9. Only after that request was denied did he schedule a meeting with counsel for August. *Id.*

On Friday August 5, 2022, the parties had their first in person meeting since the depositions in January 2020. Dist. #35-1. Froemming was advised that the district court's summary judgment order held that "Froemming presents factual allegations which, if true, may demonstrate a pattern..." Dist. #22 at 28. Froemming disputed the need to establish a pattern, believing the alleged violations in his case alone to be sufficient to establish constitutional violations. Dist. #35-1. On August 11, 2022, Froemming demanded "copies of all complaints filed against WAPD, any of it's [sic] employees and/or the City of West Allis over the course of the past 12 years (2010 to Present) … [and] the responses to all of these complaints." Dist. #35-4. Defense counsel indicated on August 15, 2022, that there was not sufficient time to reopen discovery this late since the demand was just six weeks out from the October 3, 2022, trial date. See Dist. #35-1 and #55.

Froemming filed a motion to compel discovery on August 22, 2022. Dist. #35. Denying the motion to compel, Judge Stadtmueller made the oral ruling at final pre-trial that Froemming's motion was seriously delayed and the "train left the station about 18 to 24 months ago." Dist. #51 at 11:1-2. The district court also

held that the discovery request was to be denied because it "might be charitably described as a truffle hunt or archaeological dig for facts that in the main simply do not exist... and there is absolutely not a shred of any significant likelihood that that would bear any fruit." *Id.* at 11:6-15.

On September 23, 2022, Froemming filed a motion to disqualify counsel for the City of West Allis and requested that Judge Stadtmueller recuse himself *sua sponte*. Dist. #45. These requests were devoid of legal citation and denied. Dist. #49. The Friday before trial, September 30, 2022, Froemming asked to proceed with an interlocutory appeal on his failed motions. Dist. #52. The district court cancelled the impending trial, but ultimately denied Froemming's interlocutory request. Dist. #55. The matter was then reset for jury trial to start in February 2023. Dist. #56.

III.     Jury Trial Procedural and Factual History

On February 13, 2023, this case proceeded to trial in the district court before Judge Stadtmueller. Dist. #73. After jury selection and opening statements, Froemming called all of the City of West Allis officers named in the action as well as Captain Steven Beyer, a supervisor of the West Allis police department's records division. Dist. #62 at 69, 123, 137, 181, and 205.

During his direct exam of the West Allis Police Chief, Patrick Mitchell, Froemming asked several questions regarding complaints Froemming himself had filed against officers Carlson, Stuettgen, and Treep. *Id.* at 205-211. Over the hearsay objections of the City of West Allis, Froemming was permitted to publish for the jury the complaints he filed, but only for the purpose of refreshing Chief

8

Mitchell's recollection regarding the contents of the complaints. Dist. #73 at 5-9 (*citing* Dist. #62). Froemming wanted to similarly publish the letter response written by Chief Mitchell to these complaints, but the Chief testified that he did not need his recollection refreshed in that regard. *Id.*; Dist. #62 at 209:13. After 10 minutes of discussing these documents, Judge Stadtmueller advised Froemming that "we have spent an inordinate amount of time not only beating, what be described charitably as a dead horse, but flagellating it." Dist. #62 at 210:21-23. Froemming then moved on to other topics with his questioning. *Id.* at 210-211.

After Froemming concluded his evidence, he rested, the jury was excused, and the City of West Allis moved for a directed verdict arguing that Froemming had not met his burden for the excessive force claim or either of his allegations regarding a pattern or practice. *Id.* at 229:25, 231:25, and 232:3-18. Judge Stadtmueller found that there was no evidence in the record that any officer deliberately lied under oath in Froemming's case, let alone that there was a pattern or practice of such behavior. Id. at 235:10-237:10. Accordingly, "on the question of the suggestion that Mr. Froemming's claims of evidence tampering or lying under oath have any credibility after hearing today's testimony, I find that they do not and accordingly those claims will not be submitted to the jury." Id. at 236:20-24. The motion for directed verdict regarding the excessive force claim was taken under advisement, but Judge Stadtmueller said the jury would "take the first crack at that question." Id. at 237:1-4.

9

The second morning of trial, February 14, 2023, Froemming showed up to court highly agitated and holding a bloody bandage to his head. Dist. #73 at 9. He asserted that he had been attacked the night before and insinuated that defense counsel and/or defendant officers orchestrated the attack. *Id.* at 10. The district court security officer noted a smell of alcohol on Froemming's person and additional security were called into the courtroom. *Id.* Judge Stadtmueller refused Froemming's repeated requests to adjourn court or declare a mistrial and proceeded with the remainder of the trial. *Id.* at 10-17; Dist. #63 at 241-251. Froemming left after less than 20 minutes in court and never returned, forfeiting further participation in his trial. *Id.*

Following an investigation by the City of Milwaukee Police Department and briefing by the City of West Allis, the district court found that Froemming's attack allegations were "not bona fide." Dist. #73 at 17 (*citing* Dist. #63 at 245:15). Judge Stadtmueller concluded that "none of these assertions were or are supported by any semblance of fact or reality whatsoever. Plaintiff had no legitimate, rational reason to proffer these assertions. They were based entirely on delusion and fabrication." *Id.* at 31. What actually caused Froemming's injuries were his own actions. *Id.* After the first day of trial Froemming proceeded to get severely intoxicated, such that he injured himself in the middle of the night and he was still intoxicated on the second day of trial. *Id.* at 31-32. Despite Froemming's contentions otherwise, the district court found that Froemming waived his closing argument when he left the trial for reasons "demonstrably unrelated to obtaining medical care." *Id.* at 32.

IV.     Post Trial Procedural History

On February 15, 2023, Froemming filed a motion for mistrial based on his allegations of "attack" and his insistence that Chief Mitchell's letter responding to Froemming's complaints should have been admitted into evidence at trial. Dist. #59. The court denied the motion for mistrial finding that Froemming was responsible for his behavior in court, including his unilateral decision not to stay for closing, and he was not entitled to a fresh trial or even a delay. Dist. #73 at 30-34. As for the claim regarding Chief Mitchell, "nothing that occurred during this exchange… presents grounds for mistrial." *Id.* at 35.

The district court ultimately used Fed. R. Civ. P. 11 to impose sanctions against Froemming for his trial related behavior. *Id.* at 36. Judge Stadtmueller specifically took issue with Froemming "repeatedly disparaging opposing counsel without foundation, misrepresenting events, demonstrating a lack of decorum and civility, and needlessly and baselessly delaying proceedings over the course of this litigation." *Id.* Froemming was ordered to pay the district court clerk's office for the costs of empaneling the jury; reimburse the City of West Allis' reasonable costs and attorney fees in replying to the mistrial motion; *and* post bond equal to both of these amounts *prior* to filing for appeal. *Id.* at 41-42.

## SUMMARY OF ARGUMENT

Froemming has not shown that the district court herein abused its discretion by refusing to compel discovery. *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 739 (Fed. Cir. 1987) (*citing Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563 (7th Cir.1984)). Nor has appellant, Froemming, shown that the district court abused its discretion in finding there was nothing that occurred to warrant a mistrial. *Testa v. Vill. of Mundelein, Ill.*, 89 F.3d 443, 445 (7th Cir. 1996). Additionally, a judge is presumed impartial and Froemming failed to meet the substantial burden necessary to overcome this presumption with factual allegations of extra judicial bias. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981), (*overruled as to criminal conspiracy holding by United States v. Durrive*, 902 F.2d 1221 (7th Cir. 1990)).

Froemming likewise failed to present any evidence at trial to show a widespread City of West Allis practice of false testimony or destruction of evidence consistent with *Monell* liability. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (2021) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). On de novo review this Court should affirm Judge Stadtmueller's FRCP 50 decision to remove the *Monell* liability claims from the jury because Froemming failed to present any credible evidence of a widespread pattern of unconstitutional behavior such that a reasonable jury could impose liability. *Id.* at 658-659.

In filing this appeal Froemming "persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person,

that his cause was indeed hopeless." *Bacon v. Am. Fed'n of State, Cnty., & Mun. Emps. Council, No. 13*, 795 F.2d 33, 35 (7th Cir. 1986). He "offers no articulable basis for disturbing the district court's judgment." *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). Froemming "fails to cite a statute, rule, case or any authority…" and makes only "conclusory remarks without any attempt at argument…" *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990).

There is no arguable reason for this Court to find that the district court erred in its disposition of Froemming's case. *Bacon,* 795 F.2d at 35. This Court is authorized under FRAP 2 to dispose of Froemming's appeal given that "the appellant's position is clearly frivolous." *Semmerling v. Bormann*, 970 F.3d 886, 888 (7th Cir. 2020). Froemming's appeal is also sanctionable under FRAP 38 because he cannot possibly have any "reasonable expectation of altering the district court's judgment." *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 636–37 (7th Cir. 2020).

13

STANDARD OF REVIEW

Plenary review, also known as de novo review, is appropriate when there is a need for uniformity across cases and, thus, is generally reserved for questions of law. *See Cook v. City of Chicago*, 192 F.3d 693, 697 (7th Cir. 1999). However, plenary review is wholly inappropriate when the district court is in a better position to decide a question, these questions being ones of fact or procedure. *See Id.* In this instance the only matter raised by Froemming that merits plenary review is the district court's FRCP 50 ruling removing the *Monell* causes of action from the jury's consideration. *Howell*, 987 F.3d at 654. The remainder of Froemming's issues have each individually been held to involve deferential standards of review as they address matters that the district court is better suited to decide. *See Am. Standard Inc.*, 828 F.2d 734 (discovery decisions discretionary); *Testa*, 89 F.3d 443 (mistrial decision reviewed for abuse of discretion); *US v. Baskes*, 687 F.2d 165 (judicial recusal reviewed for clear error).

# ARGUMENT

I.   **This Court Should Affirm The District Court's Discovery Rulings As There Was No Abuse Of Discretion**

The district court is in the best position to weigh the competing needs and interests of the parties in making discovery rulings. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018). Accordingly, appellate courts are highly deferential to a district court's discovery rulings and will only reverse such rulings if there is a clear abuse of discretion. *Prestwick Cap. Mgmt., Ltd. v. Peregrine Fin. Grp., Inc.*, 727 F.3d 646, 664 (7th Cir. 2013). Generally, 'it is unusual for appellate courts to find abuse of discretion in these matters.' *Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177, 183 (7th Cir. 1985). A trial court's limitation on the manner and course of discovery will be reversed only upon a showing of both an abuse of discretion *and* prejudice of a party's substantial rights. *Brown-Bey v. United States*, 720 F.2d 467, 471 (7th Cir. 1983).

In *Prestwick*, 727 F.3d 646, this Circuit outlined the four potential avenues in which an abuse of discretion could be found: (1) complete lack of basis for the decision in the record; (2) erroneous application of law; (3) erroneous factual findings; or (4) an arbitrary decision. The *Prestwick* case found that appellant's request to the district court for time to conduct additional discovery was nothing more than an eleventh-hour attempt to salvage its summary judgment brief. *Id.* at 664. The Prestwick court further found that the record was replete with evidence that the requested additional discovery would not have sealed the

15

logical cracks in appellant's arguments. *Id.* Thus, the district court decision to deny additional discovery was not arbitrary or an abuse of discretion. *Id.*

Given that Froemming does not cite any legal authority in his brief it is unclear which of the abuse of discretion factors are alleged. App. #7. Nonetheless, the parties agree that Judge Stadtmueller denied Froemming's August 22, 2022, motion to compel, refused to grant Froemming's pre-trial motion for a discovery related adverse inferences jury instruction, and determined it was unnecessary to impose any other "sanctions[4]" for discovery. Ultimately, Judge Stadtmueller found that Froemming's discovery requests were some 18-24 months past relevance given Froemming's dereliction to follow up. Dist. #51 at 11:1-2, 11:20-24. Judge Stadtmueller further found that Froemming's discovery request had not a shred of any significant likelihood of bearing fruit and "might be charitably described as a truffle hunt or archaeological dig for facts that in the main simply do not exist." *Id.* at 11:6-15.

Much like in *Prestwick*, the district court denied an eleventh-hour discovery motion that was wholly unnecessary and lacked any likelihood of sealing the numerous logical cracks in Froemming's policies and procedures claims. Thus, it is unlikely that Froemming can establish any actual prejudice of his substantial rights. *See Brown-Bey v. US.* Accordingly, this Court cannot find that Judge Stadtmueller abused his discretion anymore than did the district court in *Prestwick.*

---

[4] App. #7 at 37.

16

II.     The Trial Judge Was Not Obligated To Recuse Himself For Bias As No Extra-Judicial Bias Or Prejudice Was Shown

Once again Froemming cites no legal authority for his bias arguments so it is unclear precisely what he is suggesting in his judicial bias arguments; however, a good frame of reference regarding judicial bias can be found in 28 U.S.C. §455. This statutory provision governs the disqualification of justices, judges, and magistrates in federal court. A claim of personal bias or prejudice specifically implicates §455(b)(1). "For a § 455(b) claim raised for the first time on appeal … the standard of review is for plain error." *United States v. Dorsey*, 829 F.3d 831, 835 (7th Cir. 2016). To show plain error a party must show (1) that recusal was required and (2) that the failure to recuse affected the party's substantial rights. *Id.*

In order to show bias, there must be a showing of personal, or extra-judicial, animus against a party and compelling evidence sufficient to convince a reasonable observer of the bias. *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020). Judicial rulings in and of themselves almost never constitute a valid reason for a finding of bias or partiality. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings are unlikely to constitute a basis for a finding of bias or partiality. *Id.* Judicial rulings or opinions can only show bias if they (1) are based on an extra-judicial source, meaning information obtained independent of the trial proceedings – OR – (2) the

17

judge clearly displays a deep-seated favoritism or antagonism that so permeates the entire proceedings that fair judgment is impossible. *Id.*

Without an extra-judicial source or a showing of prejudice "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* Further, "a judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge… remain immune." *Id.* at 556. A judge's expressions of dissatisfaction or even warnings that are perceived as "threatened consequences" do not show personal bias or animosity where effective judicial courtroom administration necessitates such warnings. *US v. Barr*, 960 F.3d at 921.

Froemming has shown no judicial bias warranting any manner of appellate relief. His complaints of "bias" rely on conclusory statements that are a far cry from showing compelling evidence of any bias. His accusations amount to nothing more than spiteful dissatisfaction with the results of the court's rulings and opinions, rather than any actual extra-judicial animosity towards him or favoritism towards the City of West Allis on the part of Judge Stadtmueller. Nor has Froemming shown any bias that can be said to have rendered fair judgment impossible. The record of his jury trial alone is replete with examples of Judge Stadtmueller overruling the objections of the City of West Allis. *See* Dist. #62 and #63. Additionally, by and large, the court's written opinions and rulings reflect a rather reserved and measured analysis of issues raised by Froemming throughout the litigation. *See* Dist. #22, #49, #55, and #73. Froemming asks

18

that this Court engage in a series of fatally flawed leaps in logic to find bias on the part of Judge Stadtmueller. Much like the total tone of his appeal in general, Froemming's malicious and biased viewpoints paired with a lack of any actual legal justification do not establish that any reasonable person would see a need for Judge Stadtmueller's recusal.

III.  **The District Court's FRCP 50 Decision Survives De Novo Review As No Reasonable Jury Could Have Issued A Verdict In Froemming's Favor On His *Monell* Claims**

FRCP 50 codified nearly a century of case law finding that federal courts have the inherent authority to direct a verdict for insufficiency of evidence as a matter of law. *Galloway v. United States*, 319 U.S. 372, 389 (1943). Since a FRCP 50 decision is made as a matter of law, the standard of review on appeal is *de novo. Howell v. Wexford,* 987 F.3d at 658-659. The appellate court reviews the record to see whether a reasonable jury could reach a verdict contrary to the district court's ruling. *Id.* However, the appellate court is not to weigh evidence or decide credibility. *Id.* The essential requirement to survive a directed verdict is that mere speculation cannot be allowed to do duty for probative facts, after resolving all reasonably possible inferences in favor of the party whose case is attacked by the FRAP 50 decision. *Galloway v. United States, 319 U.S.* at 395.

These standards in the context of an action alleging municipal violations of constitutional rights requires that the record include facts from which a reasonable jury can find *Monell* liability under §1983. *Howell v. Wexford,* 987 F.3d 647. As held in *Monell*, §1983 does not create respondeat superior liability against a municipality that employs a tortfeasor. *Monell v. Dep't of Soc. Servs.,*

19

436 U.S. 658 at 659. There must also be evidence of something more than an isolated incident of §1983 violations. *Howell v. Wexford,* 987 F.3d at 654. A practice or custom theory of municipal liability must show that similarly situated individuals experienced similarly unconstitutional treatment as a result of the municipality's conduct. *Id.* at 655.

On the first day of trial, at the close of Froemming's presentation of his case, the City of West Allis made a motion for a directed verdict on all of Froemming's claims. Dist. #62 at 229:25, 231:25, and 232:3-18. Judge Stadtmueller found that Froemming failed to submit evidence upon which a jury could even reasonably find that there was perjury or destruction of evidence in Froemming's case, let alone that there was a pattern or practice of such behavior. *Id.* at 235:10-237:10. As the district court explained,

> "it is in the Court's view nothing short of obfuscation and distraction for this jury to have to entertain a suggestion that somehow somebody lied in order to obtain an ordinance prosecution... as this jury will be instructed, very often in any case, whether it's civil or criminal, witnesses' ability to recall events, particularly events that occurred years ago, with a level of specificity such that the reasonable inference could be drawn that that witness or those witnesses lied under oath defies reality"

*Id.* at 236:6-24. Accordingly, Judge Stadtmueller held that Froemming's claims of evidence tampering or lying under oath did not have any credibility after hearing all of Froemming's proffered testimony. Id. at 236:20-24. As for the City of West Allis' request for directed verdict on the excessive force claim, the court took it under advisement saying that the jury would "take the first crack at that question." Id. at 237:1-4.

20

Much like Judge Stadtmueller, this Court would be hard pressed to find *any* evidence of perjury or destruction of evidence in the testimony elicited by Froemming during the presentation of his case. Dist. #62. Further, just like the complainant in *Howell v. Wexford,* 987 F.3d 647, this Court will also find no evidence of *any* individuals suffering similar constitutional violations as those alleged by Froemming. Accordingly, even with all benefit of doubt, no reasonable jury could possibly find that the City of West Allis or Chief Patrick Mitchell as an alleged "policymaker" ever endorsed or engaged in any widespread practice of perjury or destruction of evidence in municipal ordinance prosecutions.

IV.    Froemming Is Not Entitled To A Mistrial

Appellate review of a motion for mistrial is highly deferential to the trial judge who is in the best position to determine the seriousness of the grounds asserted for mistrial, particularly as those grounds exist within the context of the entire trial. *United States v. Danford*, 435 F.3d 682, 686 (7th Cir. 2006). The decision of a district court on mistrial motion will only be reversed on a showing that the trial court abused its discretion, such that the defendant was denied a fair trial before the jury. *Id.*

A. The Single Evidentiary Decision Ending Froemming's Questioning Regarding Chief Mitchell's Letter Did Not Substantially Affect Froemming's Right To A Fair Trial Requiring A Mistrial

Under FRCP 61 a trial court's evidentiary rulings are also subject to review for harmless error. Therefore, a district court's evidentiary rulings are reversible only if the decision affects a party's substantial rights. *Stegall v. Saul*, 943 F.3d 1124, 1127 (7th Cir. 2019) This threshold requires a showing that the erroneous

21

evidentiary ruling was so significant that the trial would have reached a different outcome without that decision. *Id.* at 1128.

During trial, Judge Stadmueller ruled that Froemming's questions to Chief Mitchell were argumentative as he repeatedly asked questions about the Chief's responsive letter. Dist. #62 at 205:12-211:7. Froemming alleges that Judge Stadtmueller's ruling during the testimony of Chief Mitchell frustrated the ability to show a pattern or practice of perjury. App. #7. However, Froemming fails to show both that there was any error in this decision and further that any alleged error was other than harmless. Froemming must show how his rights were substantially impacted but his brief and the record are completely devoid of any such proof. Nothing suggests that the outcome of the trial would have been any different had Froemming been allowed to continue questioning Chief Mitchell or had Froemming properly admitted the Chief's responsive letter into the record. *See* Dist. #73. This is particularly true given that Froemming also had absolutely no evidence to show that there was a pattern or practice of perjury as outlined in Argument Section III above. Thus, even had Judge Stadtmueller allowed the letter to be published to the jury or allowed Froemming to continue his questions, the outcome would remain the same.

### B. Froemming's Self-Created "Medical Emergency" Did Not Require Mistrial

A court may declare a mistrial if it determines that manifest necessity requires one and the absence of a mistrial will frustrate the ends of public justice. *United States v. Taylor*, 569 F.3d 742, 746 (7th Cir. 2009). Such manifest necessity occurs when "an event during trial has a real likelihood of preventing a jury from

22

evaluating the evidence fairly and accurately, so that the defendant has been deprived of a fair trial." *United States v. Collins*, 604 F.3d 481, 489 (7th Cir. 2010).

It is absolutely ludicrous for Froemming to suggest that there was manifest necessity for a mistrial (or continuance) as a result of his own behavior. Froemming got completely intoxicated after day one of his jury trial. Dist. #73. He then injured himself in his drunken stupor. *Id.* He proceeded to return to court the next morning still intoxicated and making baseless claims of an "attack" somehow related to the trial at hand. *Id. See also* Dist. #63. Additionally, Froemming's self-imposed injury did not *actually* impair his ability to remain through the completion of trial given that he stormed out of court for reasons "demonstrably unrelated to obtaining medical care." Dist. #73 at 32. Instead upon leaving the courtroom, "he went back to his hotel to attempt to create a factually false record of what occurred the night prior." *Id.* Speaking with hotel staff and police immediately after leaving Froemming expressed no desire or need to call an ambulance, to the contrary he declined such an offer from police telling them they weren't there for medical care but taking a report of the "attack". *Id.* Granting a mistrial to a party under these circumstances would only serve to encourage others to abuse the court process by creating dramatic interruptions to court whenever the proceedings are not going to their liking. This Court cannot set such a precedent.

23

C. Froemming Has Shown No Attorney Misconduct Warranting Mistrial

A mistrial is appropriate only when a party is deprived of a fair trial as a result of improper conduct that "consistently permeated the entire trial from beginning to end." *Jimkoski v. State Farm Mut. Auto. Ins. Co.*, 247 F. App'x 654, 662 (6th Cir. 2007). Attorney misconduct in particular must be shown to (1) have actually occurred and (2) create prejudice in the case. *Whiting v. Westray*, 294 F.3d 943, 944 (7th Cir. 2002).

In this appeal Froemming continues to engage in his actions of "repeatedly disparaging opposing counsel without foundation." Dist. #73 at 37. He still has "adduced nothing showing that counsel for Defendants knowingly lied…" Dist. #49 at 4. His baseless claims of such actions are nothing more than egregious efforts to defame and slander counsel. Without any evidence of actual lies, or any other forms of attorney misconduct for that matter, Froemming cannot possibly demonstrate that he has been prejudiced. The trial court record is entirely devoid of any evidence that Froemming was unduly prejudiced by the conduct of counsel for the City of West Allis at any point during the proceedings.

V.     This Appeal Is Frivolous Meriting Summary Disposition And Sanctions

The City of West Allis would direct this Court to the Motion for Summary Disposition filed by appellees on October 19, 2023. App. #12. In addition to the arguments contained in that motion, this Court can now see that the fully briefed application of *proper* legal authority clearly shows the frivolity and true hopelessness of Froemming's cause in pursuing this appeal. He continues to make a mockery of the judicial process and shows absolutely no regard for this

24

Court's valuable time and resources. This conduct cannot be allowed to go unchecked, and clearly merits imposing substantial sanctions under FRAP 38.

Dated at West Allis, Wisconsin, this 23rd day of October 2023.

CITY OF WEST ALLIS, et al
BY THEIR ATTORNEY

Rebecca Monti,
Principal Assistant City Attorney
State Bar No. 1065869

P.O. Address
7525 West Greenfield Avenue
West Allis, Wisconsin 53214
(414) 302-8450
rmonti@westalliswi.gov

25

# CERTIFICATE OF COMPLAINCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g), and CR 32(c)

The undersigned, counsel of record for the Defendants-Appellees furnishes the following in compliance with FRAP 32(a)(7):

I hereby certify that this brief conforms to the rules contained in FRAP 32(a)(7) for a brief produced with a proportionally spaced font. The length of this brief is 5905 words, excluding the portions omitted from inclusion by FRAP 32(f).

Dated at West Allis, Wisconsin, this 23rd day of October 2023.

CITY OF WEST ALLIS, et al
BY THEIR ATTORNEY

Rebecca Monti,
Principal Assistant City Attorney
State Bar No. 1065869

P.O. Address
7525 West Greenfield Avenue
West Allis, Wisconsin 53214
(414) 302-8450
rmonti@westalliswi.gov

26

# PROOF OF SERVICE

The undersigned, counsel for the Defendants-Appellees, hereby certifies that on October 23, 2023, a digital version of the brief and any accompanying documents, were delivered by the Court's CM/ECF filing system to pro se Plaintiff-Appellant, William Froemming. Further, two printed copies of the same were postmarked for mailing to Froemming on October 23, 2023.

Dated at West Allis, Wisconsin, this 23rd day of October 2023.

CITY OF WEST ALLIS, et al
BY THEIR ATTORNEY

Rebecca Monti,
Principal Assistant City Attorney
State Bar No. 1065869

P.O. Address
7525 West Greenfield Avenue
West Allis, Wisconsin 53214
(414) 302-8450
rmonti@westalliswi.gov

# APPENDIX

LIST OF COURT RECORD DOCUMENTS CITED IN APPELLEE BRIEF ............. 2

    District (Dist.) Court Records By Docket Number (#) ................................... 2

    Appellate (App.) Court Records By Docket Number (#) ............................... 3

APPELLEES' CITED STATUTORY AND REGULATORY AUTHORITIES ............. 4

    United States Code Annotated .................................................................... 4

        28 USC §455 .......................................................................................... 4

        28 USC §1291 ........................................................................................ 4

        42 USC §1983 ........................................................................................ 4

    Federal Rules of Civil Procedure ................................................................ 5

        Rule 11 ................................................................................................... 5

        Rule 50 ................................................................................................... 5

        Rule 61 ................................................................................................... 5

    Federal Rules of Appellate Procedure ........................................................ 6

        Rule 2 ..................................................................................................... 6

        Rule 28(b) .............................................................................................. 6

        Circuit Rule 28(b) .................................................................................. 6

        Rule 32 ................................................................................................... 6

        Rule 38 ................................................................................................... 7

LIST OF COURT RECORD DOCUMENTS
CITED IN APPELLEE BRIEF

<u>District (Dist.) Court Records By Docket Number (#)</u>

#1 – Froemming Complaint Filed 7/12/19

#3, #4 – City of West Allis Attorney Appearances Filed 9/23/19

#6 – 10/16/19 Scheduling Conference Notice Issued 9/24/19

#8 – Trial Scheduling Order Issued 10/16/19

#9 – City of West Allis Answer Filed 9/23/19

#17 to #17-1 –
City of West Allis Summary Judgment Motion & Attachments Filed 6/5/20

#20-1 –
Proposed Material Facts For Summary Judgment (with party stipulations) Filed
7/15/20

#22 – District Court Summary Judgment Order Issued 2/5/21

#24 – Trial Scheduling Order Issued 7/26/21

#30 – Trial Scheduling Order Issued 5/31/22

#35 to 35-4 – Froemming Motion To Compel Discovery & Attachments Filed
8/22/22

#36- to 36-10 – City of West Allis Response To Motion To Compel & Attachments
Filed 9/1/22

#45 – Froemming Motion To Disqualify Counsel Filed 9/26/22
#49 – District Court Order Denying Motion To Disqualify Issued 9/28/22

#50 – Transcript of 10/16/19 Scheduling Conference

#51 – Transcript of 9/13/22 Pretrial Conference

#52 – Froemming Motion To File Interlocutory Appeal Filed 9/30/22

2

#55 – District Court Order Denying Motion For Interlocutory Appeal Issued 10/13/22

#56 – Trial Scheduling Order Issued 11/16/22

#62 – Jury Trial Transcript, Day One: 2/13/23

#63 – Jury Trial Transcript, Day Two: 2/14/23

#73 – District Court Order On Mistrial Motion and Rule 11 Sanctions Issued 6/14/23

#74 –
District Court Judgment Imposing Jury Verdict, Denying Mistrial Motion, and Imposing Rule 11 Sanctions Issued 6/14/23

#79 – Froemming Notice of Appeal Filed 7/13/23

Appellate (App.) Court Records By Docket Number (#)

#1-1 –
Dist. Court Docketing Statement, Notice of Appeal, 6/14/23 Order & Judgment Filed 7/13/23

#7 – Appellant's Brief Filed 8/22/2023

#12 – Appellee's Motion For Summary Disposition Filed 10/19/2023

APPELLEES' CITED STATUTORY AND REGULATORY AUTHORITIES

<u>United States Code Annotated</u>

28 USC §455 states in relevant part:
(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 USC §1291
The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

42 USC §1983
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

4

Federal Rules of Civil Procedure

Rule 11 states in relevant part:
    (c) Sanctions.
        (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Rule 50 states in relevant part:
    (a) Judgment as a Matter of Law.
        (1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
        (A) resolve the issue against the party; and
        (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
        (2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Rule 61
Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

<u>Federal Rules of Appellate Procedure</u>

Rule 2
On its own or a party's motion, a court of appeals may--to expedite its decision
or for other good cause--suspend any provision of these rules in a particular case
and order proceedings as it directs, except as otherwise provided in Rule 26(b).

Rule 28(b)
(b) Appellee's Brief. The appellee's brief must conform to the requirements of
Rule 28(a)(1)-(8) and (10), except that none of the following need appear unless
the appellee is dissatisfied with the appellant's statement:

    (1) the jurisdictional statement;

    (2) the statement of the issues;

    (3) the statement of the case; and

    (4) the statement of the standard of review.

Circuit Rule 28(b)
(b)Appellee's Jurisdictional Statement. The appellee's brief shall state explicitly
whether or not the jurisdictional summary in the appellant's brief is complete
and correct. If it is not, the appellee shall provide a complete jurisdictional
summary.

Rule 32 states in relevant part:
(a) Form of a Brief.

    (7) Length.

        (A) Page Limitation. A principal brief may not exceed 30 pages, or a reply
           brief 15 pages, unless it complies with Rule 32(a)(7)(B).

        (B) Type-Volume Limitation.

           (i) A principal brief is acceptable if it:

                • contains no more than 13,000 words; or

                • uses a monospaced face and contains no more than 1,300 lines
                of text.

           (ii) A reply brief is acceptable if it contains no more than half of the type
              volume specified in Rule 32(a)(7)(B)(i).

(f) Items Excluded from Length. In computing any length limit, headings,
footnotes, and quotations count toward the limit but the following items do not:

    • cover page;

    • disclosure statement;

    • table of contents;

6

- table of citations;
- statement regarding oral argument;
- addendum containing statutes, rules, or regulations;
- certificate of counsel;
- signature block;
- proof of service; and
- any item specifically excluded by these rules or by local rule.

(g) Certificate of Compliance.

    (1) Briefs and Papers That Require a Certificate. A brief submitted under Rules 28.1(e)(2), 29(b)(4), or 32(a)(7)(B)--and a paper submitted under Rules 5(c)(1), 21(d)(1), 27(d)(2)(A), 27(d)(2)(C), 35(b)(2)(A), or 40(b)(1)--must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The person preparing the certificate may rely on the word or line count of the word-processing system used to prepare the document. The certificate must state the number of words--or the number of lines of monospaced type--in the document.

    (2) Acceptable Form. Form 6 in the Appendix of Forms meets the requirements for a certificate of compliance.

Rule 38

If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Dated at West Allis, Wisconsin, this 23rd day of October 2023.

CITY OF WEST ALLIS, et al
BY THEIR ATTORNEY

Rebecca Monti,
Principal Assistant City Attorney
State Bar No. 1065869

P.O. Address
7525 West Greenfield Avenue
West Allis, Wisconsin 53214
(414) 302-8450
rmonti@westalliswi.gov

PROOF OF SERVICE

The undersigned, counsel for the Defendants-Appellees, hereby certifies that on October 23, 2023, a digital version of the brief and any accompanying documents, were delivered by the Court's CM/ECF filing system to pro se Plaintiff-Appellant, William Froemming. Further, one printed copy of the same was postmarked for mailing to Froemming on October 23, 2023.

Dated at West Allis, Wisconsin, this 23rd day of October 2023.

CITY OF WEST ALLIS, et al
BY THEIR ATTORNEY

Rebecca Monti,
Principal Assistant City Attorney
State Bar No. 1065869

P.O. Address
7525 West Greenfield Avenue
West Allis, Wisconsin 53214
(414) 302-8450
rmonti@westalliswi.gov

9